# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Thelma Brown<br>14622 Dante Ave.<br>Dolton, IL 60419<br><br>　　　　Plaintiff,<br><br>v.<br><br>Niagara Acquisitions, LLC<br>5677 South Transit Road<br>Suite 329<br>Lockport, NY 14094<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Sometime prior to June 30, 2010, Plaintiff incurred a debt to MTE Financial in connection with a "payday loan", which is a "debt" as defined by 15 U.S.C. §1692a(5).

3. On June 30, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. As described below, Defendant attempted to collect the debt from Plaintiff during the pendency of Plaintiff's bankruptcy case.

7. On or around July 13, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

8. During this communication, Plaintiff notified Defendant that Plaintiff had filed a Chapter 7 bankruptcy with respect to the debt, provided her bankruptcy case number, and her bankruptcy attorney's telephone number.

9. During this communication, Defendant falsely represented that Plaintiff would still owe the debt even after she received a discharge in the bankruptcy because Plaintiff had allegedly promised that she would not file bankruptcy when she incurred the debt.

10. During this communication, Defendant falsely represented that it would file a lawsuit against Plaintiff as soon as her bankruptcy was discharged and asked Plaintiff to make payment arrangements to avoid the lawsuit.

11. Despite having knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff again on August 4, 2010.

12. During this communication, Plaintiff reiterated the above referenced information about her bankruptcy, and in response Defendant again falsely represented that Plaintiff's bankruptcy did not absolve her of the debt and stated that Plaintiff's attorneys had lied to her if they told her otherwise.

13. During this communication, Defendant falsely represented that Plaintiff had committed fraud.

14. Defendant caused Plaintiff emotional distress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff